UNITED STATES DISTRICT COURT

IN THE EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

GREG NICKLAS
    Plaintiff

-vs-

STEVENS, EDWARDS, HALLOCK,                          Case No. 10-10731
CARPENTER, & PHILLYS, P.C.
    Defendant.
_____/

John R. Hocking
Attorney for Plaintiff
American Justice Center
45500 Van Dyke Ave.
Utica, MI 48317
(586) 262-3852
_____/

## COMPLAINT & JURY DEMAND

*Greg Nicklas, by his attorney John R. Hocking, brings the following claims for relief:*

### Jurisdiction

1.    This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

2.    This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3.    The Defendants to this lawsuit are as follows:

1

a.     Stevens, Edwards, Hallock, Carpenter, and Phillys, P.C. ("Stevens, P.C.") which is an incorporated law firm doing business in Michigan.

## Venue

4.     The transactions and occurrences which give rise to this action occurred in Macomb County.

5.     Venue is proper in the Eastern District of Michigan.

## General Allegations relating to Stevens, P.C.

6.     Some time prior to October 1, 2009, Stevens, P.C. was engaged by Jack's Truck and Equipment to collect an account ("account") allegedly owed by Gregory Nicklas.

7.     On or about October 2, 2009, Stevens, P.C. communicated with Greg Nicklas for the first time in writing in an attempt to the collect the Jack's Truck and Equipment account.

8.     From that date, Stevens, P.C. embarked on a campaign to harass Plaintiff, by threatening punitive, illegal civil liability if the debt wasn't paid according to the schedule set forth in the letter.

## COUNT I – Fair Debt Collection Practices Act

9.     Plaintiff incorporates the preceding allegations by reference.

10.    At all times, Stevens, P.C.- in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of Jack's Truck and Equipment or other individuals or entities.

11.    Stevens, P.C. is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

12. At all times relative to this complaint, Stevens, P.C. sought to collect "consumer" patients' debt from Plaintiff.

13. Stevens, P.C.'s actions to collect this debt from Plaintiff violated provisions of FDCPA, including, but not limited to, 15 U.S.C. §1692b, c, and d.

14. Plaintiff has suffered damages as a result of these violations of the FDCPA as set forth in §813 of that statute 15 U.S.C. §1692k.

## COUNT II – Michigan Occupational Code as alternative to claims under the Michigan Collection Practices Act

16. Plaintiff incorporates the preceding allegations by reference.

17. Stevens, P.C. is a "collection agency" as that term is defined in the Michigan Occupations Code ("MOC"), M.C.L. §339.901(b).

18. Plaintiff is a debtor as that term is defined in M.C.L. §339.901(f).

19. Stevens, P.C.'s foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations if the MOC including but not limited to the following: M.C.L. §339.915(n).

20. Plaintiff has suffered damages as a result of these violations of the MOC.

21. These violations of the MOC were willful.

## COUNT III – Michigan Collection Practices Act as an alternative to claims under the Michigan Occupational Code

22. Plaintiff incorporates the preceding allegations by reference.

23. Stevens, P.C. is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. §445.254(g)(xi).

24.     Stevens, P.C.'s foregoing acts in an attempt to collect this alleged debt against Plaintiff constitute violations of the Michigan Collection Practices Act, M.C.L. §445.251 *et seq.* including, but are not limited to, the following: §445.252(n).

25.     Ms. Cline has suffered damages as a result of Stevens, P.C.'s violations of the Michigan Collection Practices Act.

26.     Stevens, P.C.'s violations of the Michigan Collection Practices Act were willful.

### COUNT IV – Fair Debt Collection Practices Act

Not applicable.

### Demand for Jury Trial

27.     Plaintiff demands trial by jury in this action.

### Demand for Judgment for Relief

28.     *Accordingly, Plaintiff requests that the Court grant:*

*a.     Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

*b.     Statutory damages.*

*c.     Statutory costs and attorney fees.*


Respectfully submitted,

LAW OFFICES OF JOHN R. HOCKING

By: _/s/ John R. Hocking_
John R. Hocking (P29950)
Attorney for Plaintiff
American Justice Center
45500 Van Dyke Ave
Utica, MI 48317

Dated: February 22, 2010

4

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

GREG NICKLAS
    Plaintiff

-vs-

STEVENS, EDWARDS, HALLOCK,
CARPENTER, & PHILLYS, P.C.
    Defendant.
_____/

John R. Hocking
Attorney for Plaintiff
American Justice Center
45500 Van Dyke Ave.
Utica, MI 48317
(586) 262-3852

### Certificate of Service

The undersigned certifies that he filed the foregoing Complaint on February 22, 2010, via electronic filing, and that all interested parties were notified via e-mail.

    Respectfully submitted,

    LAW OFFICES OF JOHN R. HOCKING

    By: _/s/ John R. Hocking_
    John R. Hocking (P29950)
    Attorney for Plaintiff
    American Justice Center
    45500 Van Dyke Ave
    Utica, MI 48317

Dated: February 22, 2010